IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MAURICE TENNIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BLASE DEL, et al.,<br><br>    Defendants.<br>_____ | No. C 11-4362 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Court now reviews the complaint and dismisses with leave to amend.

## DISCUSSION

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.  Legal Claims

Plaintiff's complaint includes a variety of brief and conclusory allegations against a number of different prison officials. He alleges that 26 letter "went missing", that Defendant Officer Del "sexual[ly] threaten[ed]" him, that Defendant Officer Bohannan "physically assaulted" him, that Defendant Spalding did not help him, that Lieutenant Perry told him "to shup up I know nothing," that Defendant Rice told him to take a polygraph test, that Officer MacDonald threatened that other officer would beat him up, that Investigator Brown gave him an "item" for buying heroin, and that Warden Smith said that an investigation had been done.

The allegations of verbal threats and verbal harassment do not, alone, state a cognizable claim for relief. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of mere threats also are not cognizable under § 1983); *Gaut v. Sunn*, 810

1  F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor
2  do allegations that naked threat was for purpose of denying access to courts compel
3  contrary result).  Those claims will therefore be dismissed.

4         The remaining allegations are too vague and conclusory to state a cognizable
5  claim.  Federal Rule of Civil Procedure 8(a)(2) requires that the allegations '"give the
6  defendant fair notice of what the . . . . claim is and the grounds upon which it rests."
7  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Conclusory allegations
8  without more are insufficient." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810
9  (9th Cir. 1988).  Plaintiff's allegations do not give the Defendants fair notice of the
10 grounds upon which his claims rest.  For example, Plaintiff alleges that Bohannan
11 "assaulted" him, but he does not allege even the basic facts supporting this allegation,
12 such as when, where or how the force was used, how much force was applied and
13 whether there was any resistance.  The claim about missing mail does not allege what the
14 mail was, whether it was confidential, or who was responsible for losing it.  Plaintiff will
15 be given leave to amend his complaint to state claims, other than claims of mere verbal
16 harassment or racial threat, to provide allege facts from which the Defendants will
17 receive fair notice of the grounds upon which the claims rest.

## CONCLUSION

19        1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall
20 file an amended complaint within ***thirty (30) days from the date of this order*** that cures
21 the deficiencies noted above.  The amendment must include the caption and civil case
22 number used in this order and the words "COURT-ORDERED FIRST AMENDED
23 COMPLAINT" and the case number for this case (No. C 11-4362 JSW (PR)) on the first
24 page.  Because an amended complaint completely replaces the original complaint, *see*
25 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate
26 material from the original or amended complaints by reference.  <u>Failure to amend within
27 the designated time and in accordance with this order will result in the dismissal of this
28 action</u>.

1     2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
2  Court informed of any change of address and must comply with the Court's orders in a
3  timely fashion. Failure to do so may result in the dismissal of this action under Federal
4  Rule of Civil Procedure 41(b).

5     IT IS SO ORDERED.

6  DATED: November 2, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TENNIN,

        Plaintiff,

  v.

DEL et al,

        Defendant.

Case Number: CV11-04362 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin M. Tennin
T29992
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: November 2, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk