IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN MAURICE TENNIN, | ) | No. C 11-4362 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE; INSTRUCTIONS TO CLERK** |
| v. | ) ) | |
| BLASE DEL, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against a number of officials at Pelican Bay State Prison, where Plaintiff is incarcerated. The complaint was dismissed with leave to amend, and Plaintiff timely amended. The Court now reviews the amended complaint and dismisses it in part and orders it served upon certain defendants.

## DISCUSSION

### I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     Plaintiff's Claims**

    1.     Sexual Misconduct and Excessive Force

Plaintiff alleges that in July 2008, Blase Del, a guard at PBSP, forced plaintiff to orally copulate him under threat of reprisal and placement in the Secured Housing Unit. He alleges that Del continued to try to coerce plaintiff into performing oral sex and other acts on Del and another guard, again using threats of reprisal, but plaintiff did not succumb. Plaintiff alleges that Defendant Bohannan, another PBSP guard, later got angry

1  with Plaintiff for orally copulating Del, and that Bohannan strangled and punching
2  Plaintiff repeatedly.  He further alleges that on later occasions Bohannan continued to
3  threaten to hurt Plaintiff more.  These allegations are sufficient to state a cognizable claim
4  against Bohannan and Del for the violation of Plaintiff's Eighth Amendment right to be
5  free from cruel and unusual punishment.

      2.    <u>Access to the Courts and Retaliation</u>

Plaintiff alleges that Officer MacDonald, another PBSP guard, told Plaintiff that if he said anything to anyone about Del, he would be put in the Secured Housing Unit and beaten severely.  When liberally construed, these allegations a cognizable claim that MacDonald's threats "chilled" Plaintiff's exercise of his constitutional rights of access to the courts and to free speech, in violation of the First Amendment.

      3.    <u>"Cover-Up"</u>

Plaintiff alleges that Defendants R. Spalding, Lieutenant Perry, and Lieutenant Rice were assigned to investigate Plaintiff's complaints about Del's conduct.  He alleges that despite learning about what Del did, they encouraged Plaintiff to remain silent, failed to follow-up on his complaints, and effectively caused a "cover-up" of the incident.  There is no independent due process right to have Plaintiff's complaints or grievances properly investigated, as there is no constitutional right to a grievance system in the first place.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

"[A]ctions that effectively cover-up evidence" can violate the right of access to the courts if they render "a plaintiff's state court remedy ineffective.  *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997); *see also Christopher v. Harbury*, 536 U.S. 403, 413-17 (2002) (holding that claims of cover-ups that cause "the loss of an opportunity to sue," as in *Swekel*, are cognizable claims for denial of access to the courts); *Delew v. Wagner*, 143 F.3d 1219, 1222-23 (9th Cir. 1998).  Here, however, the alleged investigation was for internal prison disciplinary and administrative purposes, which, even if covered up, would not prevent Plaintiff from pursuing a state court

remedy. There is no allegation that Plaintiff was prevented from bringing his claims in state or federal court due to the alleged cover-up. Consequently, the allegations against Defendants Spalding, Perry and Rice do not state a cognizable claim for relief.

4. Mail

Plaintiff alleges that he sent 26 pieces of mail he sent to courts, judges, and attorneys. Having received no response to these letters, he surmises that PBSP staff members must have interfered with it. These allegations do not state a cognizable claim under Federal Rule of Civil Procedure 8(a). First, they are entirely speculative in that there are numerous plausible reasons he did not receive a response to his letters without any interference from PBSP officials.[1] Secondly, Plaintiff does not name any Defendant or identify any particular person allegedly responsible for such interference. Plaintiff was previously cautioned that in order to cure the deficiencies in his original complaint he had to make specific allegations as to who was responsible for any claimed constitutional violation. He has not done so with respect to this claim. It will therefore be dismissed without further leave to amend.

5. Transfer

Plaintiff alleges that Defendant Brown, a PBSP official, improperly prevented Plaintiff from transferring to another prison by trying to get Plaintiff to plant contraband on another inmate. Prisoners have no constitutional right to incarceration in a particular institution, or to a transfer from one prison to another. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985). Consequently, this claim will be dismissed for failure to state a cognizable claim for relief.

C. Correspondence from Plaintiff

Plaintiff has written numerous letters to the Court. Plaintiff may not communicate

---

[1] This Court has received numerous letters from Plaintiff, for example, that were not responded to because Plaintiff is not permitted to communicate with the Court about his case by letter.

with the Court about his case by letter. It is also not clear what Plaintiff wants in many of his letters. As it appears that there may be some documents attached to these letters that Plaintiff may want to use in a motion or other pleading, the Clerk shall return the letters to him (docket numbers 21-23, 25-28). In the future, Plaintiff should not write letters to the Court, but rather, if he wants the Court to do something, make his requests in the form of a motion or other pleading that complies with the Federal Rules of Civil Procedure and the local rules.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's claims against Defendants Del, Bohannan, and MacDonald, as described above, are, when liberally construed, cognizable. All other claims are DISMISSED.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (docket number 24) and all attachments thereto, and a copy of this order upon Defendants: **Officer Blase Del, Officer Bohannan, and Officer MacDonald,** at **Pelican Bay State Prison**.

<u>The Clerk shall also mail a courtesy copy of the amended complaint and this order to the California Attorney General's Office.</u>

The Clerk shall also serve a copy of this order on Plaintiff.

3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)." *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

1  Court informed of any change of address and must comply with the Court's orders in a
2  timely fashion. Failure to do so may result in the dismissal of this action for failure to
3  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4      9. The motion for appointment of counsel, attached to the amended complaint, is
5  DENIED at this time as Plaintiff has thus far been able to adequately present his claims
6  and there are no unusual circumstances necessitating counsel. Should the circumstances
7  of the case change, for example if a trial becomes necessary, the Court will reconsider
8  this decision on its own.

9      10. The Clerk shall return to Plaintiff the letters, including all their attachments,
10 he mailed to the Court (docket numbers 21-23, 25-28).

11     IT IS SO ORDERED.

12 DATED: February 1, 2012

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN M TENNIN,

       Plaintiff,

  v.

BLASE DEL, et al,

       Defendant.

Case Number: CV11-04362 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin M. Tennin
T29992
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: February 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.